MONTIEL, Judge.
The appellant, Albert Williams, Jr., executed a Rule 20, A.R.Crim.P.Temp., petition and sent it to the Jefferson Circuit Court attacking, on numerous grounds, his guilty plea conviction for murder. As the state correctly points out in brief, there is no indication in the record that this petition was ever filed with the circuit court or that the petition was ever served on the state. The record does indicate that the circuit court held a hearing on one of the allegations contained in the petition, the ineffective assistance of counsel claim. After the hearing, the court denied the petition, and the order addressed only the ineffective assistance of counsel issue.
Because there is no response by the state in the record to the numerous other issues raised in the petition and because the trial court addressed only one of the allegations raised by the petitioner in his petition, the state has requested that this cause be remanded to the circuit court so that the state can file a response to the petition and so that the court can make specific findings of fact as to each of the allegations contained in the petition. The state also asks that the remand of this cause also include directions to include “those items in the record that are clearly lacking, such as filing dates and a complete case action summary.” The state’s request for a remand is well-taken. Therefore, this cause is remanded to the circuit court with instructions that the state be allowed to file a response to the petition. The circuit court shall then hold an evidentiary hearing on the other allegations in the petition, if it deems necessary. The court shall then make written findings of fact with reference to all the allegations raised in the petition. The return to remand shall include a complete record and should be filed with this court within 60 days of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.